# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1109V

| | |
|---|---|
| CASSANDRA ZIEGLER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 7, 2025 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Nathaniel Trager, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 22, 2024, Cassandra Ziegler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 10, 2022. Petition, ECF No. 1. On March 27, 2025, I issued a ruling on entitlement finding the Petitioner entitled to compensation. ECF No. 18. On May 21, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 22.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $15,311.54 (representing $14,667.90 in fees plus $643.64 in costs). Application for Attorneys' Fees and Costs ("Motion") filed June 6, 2025, ECF No. 26. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred by the Petitioner. ECF No. 26 at 2.

Respondent reacted to the motion on June 13, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Response at 2, 4. ECF No. 27. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was also reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 26 at 13-15. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $15,311.54 (representing $14,667.90 in fees plus $643.64 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                        **s/Brian H. Corcoran**
                                                       Brian H. Corcoran
                                                       Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.